NO. 23-10515

# United States Court of Appeals for the Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*versus*

TIMOTHY BARTON,

*Defendant-Appellant*,

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

**PETITION FOR REHEARING EN BANC**
Date of Decision: July 17, 2023
Panel: Smith, Southwick, and Wilson

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Parties**

   a. **Defendant-Appellant**: Timothy Barton

   b. **Plaintiff-Appellee**: Securities and Exchange Commission

   c. **Intervenors**:

      i. United States of America

      ii. Gillespie Villas LLC

      iii. Venus59 LLC

      iv. TRTX Properties LLC

      v. MXBA LLC

      vi. Titan Investments LLC

      vii. HNGH Turtle Creek, LLC

   d. **Other Personal Defendants** (entity defendants included below)

      i. Haoqiang Fu *also known as* Michael Fu

ii. Stephen T. Wall

**2. Attorneys**

a. **For Appellant**: Hunton Andrews Kurth LLP: Michael J. Edney, Roger Gibboni, Leah Nommensen, Paige Dusthimer

b. **For Appellee**: Keefe M. Bernstein, James E. Etri, David B. Reece

c. **For Defendant Stephen T. Wall**: Johnson Vaughn & Heiskell: Michael P. Heiskell

d. **For Interested Party HNGH Turtle Creek**: Kirkland & Ellis LLP: Erin Angela Nealy Cox; Kane Russell Coleman & Logan PC: John Joseph Kane

e. **For Interested Party Maximilien Barton**: Norton Rose Fulbright US LLP: Nathan Benjamin Baum, Christopher Ryan Cooke

f. **For Intervenors Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, and Titan Investments LLC**: Norton Rose Fulbright US LLP: Nathan Benjamin Baum, Christopher Ryan Cooke

g. **For Interested Party David Dhiraj Ramolia**: Chandler & Shavin PLLC: Eliot Dana Shavin, Daniel Rasoul Alexander; Chandler Law PC: Corinna Pia Chandler

h. **For Interested Party Palisades-TC, LLC**: Tillotson Law: Jonathan Patton

i. **For Interested Party Circle H Contractors, LP**: Slates Harwell LLP: Aaron Capps

j. **For Interested Party MFO Venus Development, LLC**: Ian Fullington

**3. Other**

**a. 159 Other Entities Seized**

| | | |
|---|---|---|
| Carnegie Development, LLC (Defendant) | WALL007, LLC (Defendant) | WALL009, LLC (Defendant) |
| WALL010, LLC (Defendant) | WALL011, LLC (Defendant) | WALL012, LLC (Defendant) |
| WALL016, LLC (Defendant) | WALL017, LLC (Defendant) | WALL018, LLC (Defendant) |

| | | |
|---|---|---|
| WALL019, LLC (Defendant) | DJD Land Partners, LLC (Relief Defendant) | LDG001, LLC (Relief Defendant) |
| BM318 LLC | D4DS LLC | D4FR LLC |
| D4KL LLC | Enoch Investments LLC | FHC Acquisition LLC |
| Goldmark Hospitality LLC | JMJ Acquisitions LLC | JMJ Development LLC |
| JMJAV LLC | JMR100 LLC | Lajolla Construction Management LLC |
| Mansions Apartment Homes at Marine Creek LLC | MO 2999TC, LLC | Orchard Farms Village LLC |
| Villita Towers LLC | 126 Villita LLC | AVEG WW, LLC |
| AVG West, LLC fka JMJ Acquisitions, LLC | Barton Texas Water District, LLC | Barton Water District, LLC |

| | | |
|---|---|---|
| BC Acquisitions, LLC | BEE2019, LLC | Broadview Holdings, LLC |
| Broadview Holdings Trust | BSJ Trading, LLC | BUILD VIOLET, LLC |
| Carnegie Development, Inc. | D4AT, LLC | D4AVEG, LLC |
| D4BM, LLC | D4BR, LLC | D4IN, LLC |
| D4MC, LLC | D4OP, LLC | D4OPM, LLC |
| D4SMC, LLC | D4WP, LLC | Dallas Real Estate Investors, LLC |
| Dallas Real Estate Lenders, LLC | Dallas Real Estate Management, LLC | Five Star GM, LLC |
| Five Star MM, LLC | FIVE STAR MM, LLC | Five Star TC, LLC |
| Glenwood (18340) Property, LLC | HR Sterling, LLC | Illuminate Dallas, LLC |
| JB Special Asset, LLC | JMJ Acquisitions Mgmt, LLC | JMJ Aviation, LLC |

| | | |
|---|---|---|
| JMJ BLUES TX, LLC | JMJ Centre, LLC | JMJ Development Brasil, LTDA |
| JMJ Development, Inc | JMJ Development Fund | JMJ Development Fund, Inc |
| JMJ EB5 Fund, LP | JMJ EB5 Fund GP, LLC | JMJ Holdings, LLC |
| JMJ Holdings US LLC | JMJ Holdings USA, Inc. | JMJ Home Building Inc. |
| JMJ Hospitality, LLC | JMJ Hospitality General Trading FZE | JMJ Hospitality UAE |
| JMJ Investments Limited | JMJ Land Acquisition, Inc | JMJ Land Development, Inc |
| JMJ Land Venture, LLC | JMJ MF Development, LLC | JMJ Mezzanine, Inc |
| JMJ Multifamily, Inc | JMJ Offshore, LTD | JMJ Regional Center, LLC |
| JMJ Residential, LLC | JMJ Valley Center, LLC | JMJ VC Management, LLC |

| | | |
|---|---|---|
| JMJ148, LLC | JMJAV, LLC | JMJD4, LLC |
| JMJD4Allensville LLC | JMJDWG, LLC | JMJKH, LLC |
| LC Aledo TX, LLC | Lynco Ventures, LLC | Lynn Investments, LLC |
| Lynco Ventures, LLC | Mansion Apartment Homes at Marine Creek, LLC | MCFW, LLC |
| MCRS2019, LLC | Middlebury Trust | MMCYN, LLC |
| MXBA Managed, LLC | MXBA Services, LLC | Myra Park 635, LLC |
| Northstar 114, LLC | Northstar PM, LLC | One Agent, LLC |
| One Agent Texas, LLC | ONE FHC, LLC | One MFD4, LLC |
| One Pass Investments, LLC | One RL Trust | ONE SF Residential, LLC |
| Residential MF Assets, LLC | Ridgeview Addition, LLC | Riverwalk Invesco, LLC |

| | | |
|---|---|---|
| Riverwalk Opportunity Management, LLC | Riverwalk OZFM, LLC | Riverwalk OZFV, LLV |
| Riverwalk QOZBJ, LLC | Riverwalk QOZBM, LLC | Riverwalk QOZBV, LLC |
| Seagoville Farms, LLC | SF Rock Creek, LLC | SK Carnegie, LLC |
| STL Park, LLC | The MXBA Trust | The Timothy L. Barton Irrevocable Life Insurance Trust |
| TLB 2018 Trust | TLB 2019 Trust | TLB 2020 Trust |
| TRWF, LLC | TRWF LODGE, LLC | VenusBK195, LLC |
| VenusPark201, LLC | WRL2019, LLC | 126 Villita Towers, LLC |
| 2999 Acquisitions, LLC | 2999 Middlebury, LLC | 2999 Roxbury, LLC |

| | | |
|---|---|---|
| 2999TC Acquisitions, LLC fka 2999TC, LLC | 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC | 2999TC Founders, LLC |
| 2999TC JMJ, LLC | 2999TC JMJ, LLC | 2999TC JMJ CMGR, LLC |
| 2999TC JMJ Equity, LLC | 2999TC LP, LLC | 2999TC JMJ MGR, LLC |
| 2999TC MZ, LLC | 2999TC MM, LLC | TC Hall, LLC |
| Titan 2022 Investment, LLC | Marine Creek SP, LLC | Aledo TX, LLC |

**b. Interested Parties**

i. Bank of America, N.A. (Respondent)

ii. Maximilien Barton

iii. Palisades-TC, LLC

iv. Circle H Contractors, LP

v. MFO Venus Development, LLC

**c. Receiver & Amicus**

i. Cortney Thomas

*/s/ Michael J. Edney*

ATTORNEY FOR APPELLANT
TIMOTHY LYNCH BARTON

## INTRODUCTION AND RULE 35(B)(1) STATEMENT

By dismissing for lack of jurisdiction the appeal of a district court order authorizing a receiver to sell property, the panel's decision directly conflicts with three decisions of this Court. *United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976); *Securities and Exchange Comm'n v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015) (hereinafter "*Netsphere II*"). And by acting contrary to precedential, published decisions of this Court without involving the *en banc* Court, the panel's decision likewise directly conflicts with this Court's general rule that one panel cannot overrule another panel. *Broussard v. S. Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) (collecting cases); *see United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999); *see also Janvey*, 404 F. App'x at 914 (applying this rule to reject a Securities and Exchange Commission request for a panel to hold that district court orders authorizing a Commission-requested receiver to sell property are not immediately appealable). In the event that the panel does not grant

rehearing and correct these errors, consideration by the full court is necessary to secure or maintain the uniformity of this Court's decisions.

In this case, the District Court appointed a receiver over nearly all assets connected with the Appellant. On June 28, 2023, a separate panel of this Court held that the District Court's appointment of a receiver was error and vacated it. *SEC v. Barton*, 72 F.4th 640, 645 (5th Cir. 2023), *opinion withdrawn and superseded by* No. 22-11132, 2023 WL 5618997, at *6 (5th Cir. Aug. 31, 2023) (substituting on rehearing a revised opinion also vacating the order appointing the receiver).

The instant appeal concerns a district court subsequent order that authorized the Receiver to permanently sell and otherwise release all rights to a significant piece of the Appellant's property. Specifically, the Appellant challenges the District Court's March 29, 2023, order approving the sale of a hotel and apartment complex owned by one of the Appellant's businesses, Goldmark Hospitality LLC. ROA5657-5658. The complex is called Amerigold Suites. ROA5528.

Indeed, the Receiver has sought, and the District Court has approved, a series of the Appellant's properties, including his home. This has resulted in four panels of this Court going in different directions. A

merits panel, prior to oral argument, dismissed an appeal of the District Court order authorizing the Receiver to sell the Appellant's home. In an unpublished decision, that panel held that an order authorizing a receiver to sell property "is not a final decision amenable to appellate review, and the collateral order doctrine is not applicable." *SEC v. Barton*, No. 22-11226, 2023 WL 4060191, at *1 (5th Cir. June 19, 2023). That analysis is directly contrary to Circuit precedent holding that a district court order authorizing a receiver to sell property is immediately appealable. *"A" Manufacturing*, 541 F.2d at 506; *Janvey*, 404 F. App'x at 914; *Netsphere II,* 799 F.3d at 333-34. A motions panel of this Court, in apparent reliance on the June 19 unpublished opinion, then entered orders dismissing two separate appeals, including the instant case. *See SEC v. Barton*, No. 23-10515, Unpublished Order (5th Cir. July 17, 2023) and *SEC v. Barton*, No. 23-10516, Unpublished Order (5th Cir. July 17, 2023). Panel and *en banc* rehearing petitions are now pending in all three matters. A fourth merits panel hearing the appeal of an order selling another piece of property scheduled it for oral argument. *SEC v. Barton*, No. 22-11242, Notice of Oral Argument (5th Cir. Aug. 22, 2023) (ECF No. 66).

In the event the panels do not grant rehearing, the *en banc* Court should grant rehearing to resolve the conflict that would then be presented—between these panels' unpublished decisions, on the one hand, and *"A" Manufacturing*, *Netsphere II*, and *Janvey*, on the other hand—regarding whether a district court authorizing a receiver to sell property is immediately appealable. Fed. R. App. P. 35(b)(1)(A). If allowed to stand, the decisions would violate the firm rule of this Circuit that in the absence of an intervening contrary or superseding decision by this court sitting *en banc* or by the United States Supreme Court, a panel cannot overrule a prior panel's decision. *Setser*, 607 F.3d at 131.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................ ii
INTRODUCTION AND RULE 35(B)(1) STATEMENT ......................... xii
TABLE OF CONTENTS ................................................................... xvi
TABLE OF AUTHORITIES ............................................................. xvii
STATEMENT OF THE ISSUES ........................................................... 1
STATEMENT OF THE COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE ................................................................ 1
STATEMENT OF FACTS NECESSARY TO THE ARGUMENT ........... 6
ARGUMENT AND AUTHORITIES ....................................................... 6
I. Rehearing En Banc Is Warranted Because the Panel Decisions Conflict with This Circuit's Established Precedent That Orders Authorizing a Receiver to Sell Property Are Immediately Appealable. 7
II. Rehearing En Banc Is Also Necessary to Preserve This Circuit's Rule That a Panel Cannot Overrule Prior Precedent Without the *En Banc* Court. ............................................................................. 10
III. After Reversing Dismissal of the Appeals, the Court Should Summarily Vacate and Remand the District Court Sale Orders ........ 13
CONCLUSION ............................................................................... 14
Certificate of Filing and Service ........................................................... 16
Certificate of Compliance ..................................................................... 17

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Barnes v. Alabama*,
578 U.S. 994, 136 S. Ct. 2446, 195 L. Ed. 2d 259 (2016) .................. 14

*In re Bonvillian Marine Serv., Inc.*,
19 F.4th 787 (5th Cir. 2021) .................. 12

*Broussard v. S. Pac. Transp. Co.*,
665 F.2d 1387 (5th Cir. 1982) .................. xii, 12

*Burge v. Parish of St. Tammany*,
187 F.3d 452 (5th Cir. 1999) .................. xii, 6, 11

*Douglass v. Nippon Yusen Kabushiki Kaisha*,
46 F.4th 226 (5th Cir. 2022) .................. 12

*Grabowski v. Jackson Cnty. Pub. Defs. Office*,
47 F.3d 1386 (5th Cir. 1995) .................. 12

*Johnson v. Moral*,
843 F.2d 846 (5th Cir. 1988) .................. 12, 13

*Kenemore v. Roy*,
690 F.3d 639 (5th Cir. 2012) .................. 14

*Netsphere, Inc. v. Baron*,
703 F.3d 296 (5th Cir. 2012) .................. 8

*Netsphere, Inc. v. Baron*,
799 F.3d 327 (5th Cir. 2015) .................. *passim*

*Sage v. Cent. R. Co. of Iowa*,
96 U.S. 712 (1877) .................. 7

*SEC v. Barton*,
72 F.4th 640 (5th Cir. 2023), *opinion withdrawn and superseded by* No. 22-11132, 2023 WL 5618997 (5th Cir. Aug. 31, 2023).................................................................xiii, 3, 5, 13

*SEC v. Barton*,
No. 22-11226, 2023 WL 4060191 (5th Cir. June 19, 2023) ...........xiv, 5

*Securities and Exchange Comm'n v. Janvey*,
404 F. App'x 912 (5th Cir. 2010) ................................................*passim*

*Sheppard v. Louisiana*,
140 S. Ct. 2712, 206 L. Ed. 2d 850 (2020)..........................................14

*United States v. "A" Manufacturing Co., Inc.*,
541 F.2d 504 (5th Cir. 1976).....................................................*passim*

*United States v. Calverley*,
11 F.3d 505 (5th Cir. 1993)..............................................................13

*United States v. Castro-Alfonso*,
841 F.3d 292 (5th Cir. 2016)............................................................11

*United States v. Dial*,
542 F.3d 1059 (5th Cir. 2008)..........................................................12

*United States v. Hurtado*,
905 F.2d 74 (5th Cir. 1990)..............................................................13

*United States v. Setser*,
607 F.3d 128 (5th Cir. 2010)..............................................xii, xv, 6, 11

**Other Authorities**

Fed. R. App. P. 35(b)(1)(A) .............................................................. xv, 10

Fed. R. App. P. 35(b)(2) ......................................................................... 7

## STATEMENT OF THE ISSUES

1. Whether the panel erred by holding that district court orders authorizing the sale of property are not immediately appealable, in direct conflict with this Court's prior precedent in *United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976); *Securities and Exchange Comm'n v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); and *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015)?

2. Whether the panel lacked authority to depart from this Court's precedent on the above issue without first involving the *en banc* Court?

## STATEMENT OF THE COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE

This case began when the Securities and Exchange Commission filed a civil suit against the Appellant, accusing him of securities fraud. Days later, the Commission asked the District Court to appoint a receiver over all entities directly or indirectly controlled by the Appellant. On October 18, 2022, the District Court granted the Commission's request. That same day, the Receiver removed the Appellant from his company offices and seized all commercial assets controlled by him.

Not content to safeguard property pending the outcome of the litigation, the Receiver immediately embarked on a selling spree. The ostensible purpose of this string of sales was to raise money for payment of the Receiver's professional fees, despite a pending (and then ultimately successful) challenge to his appointment. He sought and obtained District Court approval to sell even the Appellant's house. He then turned his attention to the Appellant's commercial real estate properties, selling a hotel owned for years by the Appellant, a stake in real estate development in Fort Worth, and a Dallas hotel. The Appellant opposed all of these efforts and appealed District Court orders approving them. *See SEC v. Barton*, 22-11132, 22-11226, 22-11242, 23-10515, and 23-10516 (5th Cir. 2023).

Then, on March 29, 2023, the District Court authorized the Receiver to sell the Amerigold Suites. ROA5657-5658. Mr. Barton's appeal from that order is the subject matter of this appeal. ROA7580-7581.

The Receiver and the District Court undertook all of these attempted, permanent alterations of the status quo while even the order appointing the Receiver was under attack in this Court. That appeal was

briefed in January, argued in May, and decided on June 28, 2023. (The Court slightly altered this opinion on rehearing, on August 31, 2023, *see Barton*, 2023 WL 5618997, at *1.)

In a published opinion, this Court held that the District Court erred in appointing the Receiver and vacated the order doing so. *Id.* at *6. This Court explained that the District Court did not hold the Commission to the high standards for appointing a receiver, including the requirements to establish "1) a clear necessity to protect the defrauded investors' interest in property, 2) legal and less drastic equitable remedies are inadequate, and 3) the benefits of receivership outweigh the burdens on the affected parties." *Id.* at *4. These high standards must be enforced—before the Government seizes a citizen's property through a receivership—because a "[r]eceivership is 'an extraordinary remedy that should be employed with the utmost caution.'" *Id.* at *3. The Court further held that the District Court erred by placing virtually all of the Appellant's assets into receivership, without a specific inquiry into what property was the proceeds of alleged securities fraud in the underlying case. *Id.* at *5.

While the ultimately successful challenge to the Receiver's appointment was pending, the Securities and Exchange Commission argued that the appeals of orders authorizing the illegally appointed Receiver to sell property should be dismissed. On June 19, 2023, a merits panel of this Court dismissed the appeal of the District Court's shocking order authorizing the permanent sale of his only home. *Barton*, 2023 WL 4060191, at *1. In dismissing the appeal for lack of jurisdiction, the unpublished panel decision held that the District Court's order authorizing the sale of the Appellant's property "is not a final decision amenable to appellate review, and the collateral order doctrine is not applicable." *Id.* But another merits panel, in a case involving the sale of the Appellant's realty interest in two other real estate projects, did not dismiss the appeal and set the case for oral argument in October 2023. *SEC v. Barton*, No. 22-11242, Oral Argument Notice (5th Cir. Aug. 22, 2023) (ECF No. 66).

On June 30, 2023, the Commission moved to dismiss two other appeals in sale orders in this matter, including the one at issue in this case. The Commission's motions relied solely upon the unpublished June 19, 2023, panel opinion to argue that the court of appeals lacks

jurisdiction over any appeals from district court orders authorizing receivers to sell property. *See*, *e.g.*, *Barton*, No. 23-10515, SEC's Motion to Dismiss (5th Cir. June 30, 2023) (ECF No. 37). On July 10, 2023, the Appellant filed an opposition to the Commission's motion to dismiss. *Barton*, No. 23-10515, Barton's Opposition to SEC's Motion to Dismiss (5th Cir. July 10, 2023) (ECF No. 41). On July 17, 2023, a motions panel dismissed the instant appeal and the appeal of the District Court order authorizing the sale of the Appellant's office building located at 2999 Turtle Creek Boulevard. *Barton*, No. 23-10516, Order Granting Motion to Dismiss Appeal (5th Cir. July 17, 2023) (ECF No. 36-1).

The Appellant timely filed petitions for panel and *en banc* rehearing of the June 19 unpublished opinion, regarding the sale of the Appellant's house, that started these deviations from the Court's precedents. *SEC v. Barton*, No. 22-11226, Petition for Panel Rehearing and Petition for Rehearing En Banc (5th Cir. Aug. 3, 2023) (ECF Nos. 77 & 85). Those petitions remain pending. Simultaneously with this petition for rehearing *en banc*, the Appellant filed a petition for panel rehearing. The Appellant did the same in the other appeal dismissed by the same motions panel.

## **<u>STATEMENT OF FACTS NECESSARY TO THE ARGUMENT</u>**

No additional facts are necessary to the argument of the issues.

## **<u>ARGUMENT AND AUTHORITIES</u>**

The unpublished panel decisions dismissing the appeals of sale orders in this case directly conflict with prior opinions of this Court—two of which are published and precedential—that hold orders authorizing a receiver to sell property are immediately appealable. *"A" Manufacturing*, 541 F.2d at 506; *Janvey*, 404 F. App'x at 914; *Netsphere II*, 799 F.3d at 333-34. Because there has been no intervening contrary decision by the Supreme Court or this Court sitting *en banc*, the panel lacked authority to hold that there was no jurisdiction over an immediate appeal of an order authorizing a receiver to sell property. *Janvey*, 404 F. App'x at 914 (rejecting Commission request to a panel of this Court to overrule *"A" Manufacturing* and hold that orders authorizing SEC-requested receivers to sell property are not immediately appealable); *see also United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). If the panels do not correct this error, the *en banc* Court should grant rehearing to resolve the conflict

with this Court's prior decisions and "to secure and maintain the uniformity of the [C]ourt's decisions." Fed. R. App. P. 35(b)(2).

## I. Rehearing En Banc Is Warranted Because the Panel Decisions Conflict with This Circuit's Established Precedent That Orders Authorizing a Receiver to Sell Property Are Immediately Appealable.

Nearly 150 years ago, the Supreme Court of the United States set forth a general rule that "a decree confirming a sale . . . may be appealed from" without awaiting a final judgment in the entire underlying case. *Sage v. Cent. R. Co. of Iowa,* 96 U.S. 712, 714 (1877). In 1976, this Court held that an order authorizing the sale of real property by a receiver is no exception to this principle and is immediately appealable even as the underlying case continues. *"A" Manufacturing*, 541 F.2d at 506. And this Court has confirmed that holding twice, once in 2010 and again in 2015. *Janvey*, 404 F. App'x at 914 (holding that an order authorizing a receiver to sell property is immediately appealable); *Netsphere II*, 799 F.3d at 333-34.

In 2015, a panel of this Court took great care to preserve and to ratify the holding that orders authorizing a receiver to sell property are

immediately appealable. *Netsphere II,* 799 F.3d at 333-34.[1] In doing so, the Court in *Netsphere II* clarified that *"A" Manufacturing*'s holding did not arise from Section 1292(a)(2) of Title 28, the provision of the United States Code directed specifically at the appealability of certain orders related to a receivership. *Id.* To quote the Court:

> *"A" Manufacturing*'s holding—that orders confirming a sale are immediately appealable—was based on its interpretation of three cases that, pursuant to an entirely different jurisprudential line [than those interpreting 28 U.S.C. § 1292(a)(2), regarding appeals from certain orders regarding receivers], had held that orders confirming sales were immediately appealable.

*Id.* at 333. That separate line of cases, "'spanning a century, clearly establish[es] the rule that an interlocutory order commanding a sale,

[1] There are two key historical panel decisions under the title of *Netsphere, Inc. v. Baron*. The first decision, *Netsphere I*, concerned an appeal to an order appointing a receiver, and set forth the standards a party seeking a receivership must meet to obtain one. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305-06 (5th Cir. 2012). A separate panel of this Court relied on the *Netsphere I* decision to overturn the order appointing the receiver in this matter. *Barton*, 2023 WL 5618997, at *5-6. The second decision, *Netsphere II*, involved an appeal to an order approving the fees charged by the receiver. *Netsphere II*, 799 F.3d at 330. In that decision, the Court considered the array of interlocutory orders regarding a receiver's activities that are immediately appealable, holding that the fee order was not one of them. *Id.* at 331-32.

and one confirming a sale are appealable.'" *Id.* at 333 n. 35 (quoting *"A" Manufacturing*, 541 F.2d at 506).

Indeed, the cases the Court relied upon in *"A" Manufacturing* stem from an interpretation of Section 1291 of Title 28 and other doctrines of appellate jurisdiction that regard orders confirming sales as "final decisions" that are immediately appealable. *See "A" Manufacturing*, 541 F.2d at 506. And the principle applies both inside and outside the receivership context. *See Netsphere II*, 799 F.3d at 333.

In other words, orders confirming sales of real property having nothing to do with a receiver also would be immediately appealable. Nothing about the additional statutory authority to seek immediate appeal of certain orders regarding a receivership changes that general principle when a receiver is involved.

By clarifying that the Court's long-standing rule that receiver sale orders are appealable is grounded *outside* the special statutory provision for appealing orders relating to a receivership, the Court was able to classify as *dicta* the *"A" Manufacturing* panel's reference to Section 1292(a)(2) as one of the bases for that decision. *Id.* at 334. And it was able to adopt a narrower interpretation of Section 1292(a)(2) in

denying an immediate appellate right for receiver-related orders other than sale orders. *Id.* at 333.

There is no way to reconcile the panel decision subject to this petition—and the two others dismissing appeals of sale orders in this case—with this unbroken line of cases. The one of the three decisions with an explanation held that the special statute for appeal of orders pertaining to receivers foreclosed jurisdiction over immediate appeals of sale orders. *Barton*, 2023 WL 4060191, at *1. That holding was specifically rejected in *Netsphere II* and is diametrically opposed to two published decisions in this Circuit. Allowing the panel decision—and its recent companions—to stand cannot be squared with the mandate to preserve the uniformity of this Court's decisions.

## II. Rehearing En Banc Is Also Necessary to Preserve This Circuit's Rule That a Panel Cannot Overrule Prior Precedent Without the *En Banc* Court.

This Court should also grant rehearing *en banc* to secure and maintain uniformity of the Court's decisions regarding a panel's ability to reverse circuit precedent without the *en banc* Court. Fed. R. App. P. 35(b)(1)(A). As discussed above, the panel's decision conflicts with three panel decisions of this Court, two of which are published and

precedential. *Netsphere II*, 799 F.3d at 333-34; *Janvey*, 404 F. App'x at 914; *"A" Manufacturing*, 541 F.2d at 506. If not reversed, the panel's decision also would conflict with decisions of this Court making clear that a panel may not rule contrary to a prior panel decision of this Court absent an intervening decision by the Supreme Court or by this Court sitting *en banc*. *Setser*, 607 F.3d at 131; *Burge*, 187 F.3d at 466.

When a panel of this Court confronted a prior Commission request to overturn *"A" Manufacturing* and hold that orders authorizing sales of property by receivers are not immediately appealable, that panel correctly held that it lacked the authority to do so and that such a request may only be made to the *en banc* Court. *Janvey*, 404 F. App'x at 914. As the Court explained: "It is well-established that a panel does not have the authority to overrule a previous panel's decision absent an intervening, contrary, or superseding decision by this court, sitting en banc, or by the Supreme Court." *Id.* (*citing Setser,* 607 F.3d at 131).

This principle has been repeated in numerous published, precedential decisions of this Court. *See, e.g.*, *United States v. Castro-Alfonso*, 841 F.3d 292, 297 (5th Cir. 2016) ("The Fifth Circuit rule of orderliness dictates that 'absent an intervening change in the law, such

as by a statutory amendment, or the Supreme Court, or our en banc court,' a panel cannot overrule another panel's decision."); *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008) ("[O]ur rule of orderliness directs that 'one panel of this court cannot overrule the decision of another panel.'"); *Grabowski v. Jackson Cnty. Pub. Defs. Office*, 47 F.3d 1386, 1397 (5th Cir. 1995), *on reh'g en banc*, 79 F.3d 478 (5th Cir. 1996) ("As this court has repeatedly held, one panel cannot overrule another panel, even if one disagrees with the decision."); *Johnson v. Moral*, 843 F.2d 846, 848 (5th Cir. 1988), *on reh'g sub nom.*, 876 F.2d 477 (5th Cir. 1989) ("No rule is more firmly settled in our Circuit than that 'no panel . . . can overrule a decision previously made by another.'"); *Broussard v. S. Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) ("The general rule in this Circuit is that one panel cannot overrule another panel.").

Importantly, this "rule is strict and rigidly applied." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). And this Court has repeatedly granted rehearing to avoid panels contradicting the principle that Circuit precedent cannot be overruled without the intervention of a Supreme Court or *en banc* Circuit Court decision. *See, e.g.*, *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 231 (5th

Cir. 2022), *cert. denied sub nom. Douglass v. Kaisha*, 143 S. Ct. 1021 (2023); *United States v. Calverley*, 11 F.3d 505, 511 n. 14 (5th Cir. 1993), *opinion reinstated in part on reh'g*, 37 F.3d 160 (5th Cir. 1994); *United States v. Hurtado*, 905 F.2d 74, 76 (5th Cir. 1990); *Johnson*, 843 F.2d at 848 ("Overruling precedent is a power reserved exclusively for the Court as a whole, sitting en banc.").

In this case, there is no intervening Supreme Court or *en banc* decision requiring a departure from established Circuit precedent that district court orders authorizing sales of property are immediately appealable. *See generally Barton*, 2023 WL 4060191, at *1 (citing no such developments). The Court should therefore grant rehearing *en banc* to resolve this conflict as well.

## III. After Reversing Dismissal of the Appeals, the Court Should Summarily Vacate and Remand the District Court Sale Orders.

As explained above, either the panel or the *en banc* Court should grant rehearing and reverse the jurisdictional dismissals that deviate from this Court's long-standing precedents. Thereafter, now that this Court has reversed the District Court's order appointing a receiver (*Barton*, 2023 WL 5618997, at *6), the Court should address the sale

order appeals docket by summarily vacating and remanding the District Court's orders authorizing that illegally appointed receiver to sell property, including Amerigold Suites. Appellate courts often summarily reverse and remand lower court orders when an intervening controlling decision so thoroughly affects them. *See, e.g., Sheppard v. Louisiana*, 140 S. Ct. 2712, 206 L. Ed. 2d 850 (2020) (Supreme Court granting, vacating, and remanding case to circuit court in light of intervening case law); *Barnes v. Alabama*, 578 U.S. 994, 136 S. Ct. 2446, 195 L. Ed. 2d 259 (2016) (same); *see also Kenemore v. Roy*, 690 F.3d 639, 640, n. 1 (5th Cir. 2012) ("A 'GVR' ('grant, vacate, remand') occurs when the Supreme Court summarily grants a petition for writ of certiorari and simultaneously vacates the judgment of the lower court and remands for further proceedings for some specified reason.").

## CONCLUSION

If allowed to stand, the panel opinion effectively would overrule longstanding Fifth Circuit precedent establishing that district court orders authorizing receivers to sell property are immediately appealable to this Court. *"A" Manufacturing*, 541 F.2d at 506; *Janvey*, 404 F. App'x at 914; *Netsphere II*, 799 F.3d at 333-34. Absent correction of this conflict

through panel rehearing, the Court should grant rehearing *en banc* to secure and maintain the uniformity of this Court's decisions. On rehearing *en banc*, the Court should either (i) summarily reverse the panel's decision as an unauthorized overruling of this Court's precedents or (ii) grant oral argument *en banc* to provide a uniform rule on the important question of whether district court orders authorizing the sale of real property are immediately appealable. The Court should consider summarily vacating and remanding the District Court's orders authorizing the Receiver to sell property, given the intervening decision of this Court holding that the Receiver was illegally appointed.

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

*<u>/s/ Michael J. Edney</u>*
Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

ATTORNEY FOR APPELLANT
TIMOTHY LYNCH BARTON

Date: September 7, 2023

## **Certificate of Filing and Service**

I hereby certify that on September 7, 2023, this document was filed and served in PDF format using the United States Court of Appeals for the Fifth Circuit's CM/ECF system upon all counsel of record, as follows:

Ezekiel L. Hill
hillez@sec.gov
Securities and Exchange Commission
100 F St., N.E.
Washington, DC 20549

Keefe M. Bernstein
bernsteink@sec.gov
James E. Etri
etrij@sec.gov
David B. Reece
reeced@sec.gov
Securities and Exchange Commission
801 Cherry St., Suite 1900
Fort Worth, TX 76102

*Counsel for the Securities and Exchange Commission*

In addition, I further certify that this electronic filing is an exact copy of the paper document and any privacy redactions have been made. This filing has been scanned for viruses and has been found to be free of viruses.

*/s/ Michael J. Edney*

## Certificate of Compliance

I hereby certify that this document complies with the word limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 3,725 words, as calculated using the word processor used to prepare this document, Microsoft Word for Microsoft 365. I also certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Michael J. Edney*

# United States Court of Appeals for the Fifth Circuit

No. 23-10515

United States Court of Appeals
Fifth Circuit
**FILED**
July 17, 2023
Lyle W. Cayce
Clerk

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff—Appellee*,

*versus*

TIMOTHY BARTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

UNPUBLISHED ORDER

Before SMITH, SOUTHWICK, and WILSON, *Circuit Judges*.

PER CURIAM:

IT IS ORDERED that the appellee's opposed motion to dismiss the appeal is GRANTED.