HUNTON ANDREWS KURTH

HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL 202 • 955 • 1500
FAX 202 • 778 • 2201

MICHAEL J. EDNEY
CHAIR, GOVERNMENT INVESTIGATIONS AND
WHITE COLLAR DEFENSE PRACTICE
DIRECT DIAL: 202 • 778 • 2204
EMAIL: medney@hunton.com

September 7, 2023

***FILED VIA ECF***

Mr. Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re: *SEC v. Barton*, Case No. 23-10515: Notice of Supplemental Authority Pursuant to Rule 28(j).

Dear Mr. Cayce:

In the above-entitled matter, the Court granted a motion to dismiss for lack of jurisdiction that relied almost exclusively on a prior unpublished merits panel opinion. In that unpublished merits panel opinion, the Court dismissed the appeal of another receiver sale order in the *Barton* case, on grounds that orders authorizing receivers to sell property are not immediately appealable. *SEC v. Barton*, 2023 WL 4060191, at *1. The Appellant sought rehearing, explaining that the above holding is directly contrary to long-standing circuit precedent.

On September 1, 2023, this Court resolved the rehearing petition and withdrew the opinion, replacing it with an entirely new one. *See SEC v. Barton*, No. 22-11226, Slip. Op. (5th Cir. September 1, 2023) (Exhibit A). Therein, the Court did not dismiss the opinion on jurisdictional grounds. The Court instead explained that the published decision overturning the receivership mooted the

HUNTON
ANDREWS KURTH



appeal because that decision also will vacate the order authorizing the sale of property. *See id.* (citing *Sec. & Exch. Comm'n v. Barton*, No. 22-11132, -- F.4th -- (5th Cir. 2023).

Because the replacement opinion removes any holding that the Court lacks jurisdiction over District Court orders authorizing receivers to sell property, the Court in the above-entitled matter also should withdraw its order dismissing the instant appeal for lack of jurisdiction. The sale in this appeal of the subject property (the Amerigold Suites hotel in Dallas) has not yet been completed. Therefore, the Court should follow the reasoning of the substituted opinion in 22-11226, hold that the Court's published opinion overturning the receivership vacates prior orders authorizing the receiver to sell property, and determine that the instant appeal is now moot for that reason. *Id*. Because the mootness arises from the Appellant's victory in the published opinion in this matter, costs either should be assessed to the Appellee or not at all.

Respectfully submitted,

Michael J. Edney