HUNTON
ANDREWS KURTH

HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL 202 • 955 • 1500
FAX 202 • 778 • 2201

MICHAEL J. EDNEY
CHAIR, GOVERNMENT INVESTIGATIONS AND
WHITE COLLAR DEFENSE PRACTICE
DIRECT DIAL: 202 • 778 • 2204
EMAIL: medney@hunton.com

September 7, 2023

***FILED VIA ECF***

Mr. Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re: Petitions for Panel Rehearing in *Securities and Exchange Commission v. Barton*, Case No. 23-10515 and *Securities and Exchange Commission v. Barton*, 23-10516.

Dear Mr. Cayce:

On August 31, 2023, Appellant Timothy J. Barton filed Petitions for Panel Rehearing and, separately, Petitions for Rehearing *En Banc* in Case Nos. 23-10515 and 23-10516. Each case appealed separate District Court orders authorizing a receiver that had seized all of Mr. Barton assets to sell particular pieces of property. In each case, a motions panel of the Court granted motions by the Securities and Exchange Commission to dismiss the appeal for lack of jurisdiction. The Appellant sought panel and *en banc* rehearing of those judgments dismissing the appeals.

The next day, on September 1, 2023, the Clerk's Office issued a letter in each case stating that: "In light of [a petition for panel rehearing] not being allowed on dispositive panel orders, we are taking no action on this petition." The

Office labeled the petition as an "unfiled document." The Office did accept and file the separate petition for rehearing *en banc*.

In a subsequent telephone call that same day, a Clerk's Office official informed counsel that the declination to file the petitions for panel rehearing was based on an office practice of not permitting petitions of panel rehearing on rulings from a motions panel, rather than on any specific Federal Rule of Appellate Procedure, local rule, or Internal Operating Procedure. The official told counsel she would inquire further about the issue with Office management.

We write to encourage the Office to file the petitions for panel rehearing. Each order dismissing the relevant appeal was entered by a panel of Judges Smith, Southwick, and Wilson. The dismissal decisions were clearly based on a prior merits panel order, prior to oral argument, dismissing an appeal of a separate sale order in this matter for lack of jurisdiction. That panel explained that the Court lacked jurisdiction over appeals of orders authorizing receivers to sell property. *SEC v. Barton*, No. 22-11226, 2023 WL 4060191, at *1 (5th Cir. June 19, 2023). The Appellant filed a motion for panel rehearing that explained that the jurisdictional holding was contrary to multiple precedential decisions of this Court. *United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976); *Securities and Exchange Comm'n v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015). In response to that petition, that panel withdrew its opinion. *SEC v. Barton*, No. 22-11226, 2023 WL 5671292, at *1 (5th Cir. Sept. 1, 2023). The panel replaced it with a new opinion, declining to dismiss the case on jurisdictional grounds and instead recognizing that the Court's intervening published opinion reversing the entire receivership will have the effect of vacating the sale orders, such that the appeal is now moot. *Id.* (relying on *SEC v. Barton*, 72 F.4th 640, 645 (5th Cir. 2023)).

The original decision in Case No. 22-11226 clearly was the basis for the "dispositive panel orders" that are the subject of the petitions for panel rehearing in Case Nos. 23-10515 and 23-10516. Judges Smith, Southwick, and Wilson should have the same opportunity as the panel in Case No. 22-11226 to correct

HUNTON
ANDREWS KURTH



the jurisdictional dismissal decision. The panel's correction in Case No. 22-11226 obviated the need for any *en* banc review, and the same can and should happen in Cases 23-10515 and 23-10516. An uncodified office practice against panel rehearing petitions for "dispositive panel orders" should not stand in the way of this clearly efficient result.

Respectfully submitted,

Michael J. Edney