UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F STREET, N.E.
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

EZEKIEL L. HILL
(202) 551-7724
HILLEZ@SEC.GOV

September 11, 2023

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

*Via ECF*

Re: *SEC v. Barton*, No. 23-10515

Dear Mr. Cayce,

I write in response to appellant Timothy Barton's September 7, 2023 notice of supplemental authority.

In appeal No. 22-11132, Barton appealed from an order imposing a receivership over entities he controlled. This Court vacated that order but delayed effectiveness for 90 days to allow the district court time to consider other injunctive relief, including a new receivership, while suspending certain of the current receiver's powers during that period.

Barton has also appealed from various orders issued prior to the receivership order being vacated. In appeal No. 22-11226, this Court dismissed as moot Barton's appeal of an order approving the receiver's sale of receivership property because the receiver's power to complete the sale is suspended.

In this appeal, No. 23-10515, Barton appeals from a different order approving the receiver's sale of receivership property. On July 17, 2023, this Court granted the Commission's motion to dismiss the appeal for lack of jurisdiction (the "Order").

Barton argues that this Court should withdraw the Order because this Court's order in No. 22-11226 "did not dismiss [that appeal] on jurisdictional grounds." But in No. 22-11226 this Court did not address jurisdiction, much less undermine the Order's conclusion that this Court lacks jurisdiction to hear an interlocutory appeal of an order approving the receiver's sale of receivership property. Such orders are not immediately appealable because they are not orders "appointing" a receiver "or refusing … to wind up" a receivership "or to take steps to accomplish the purposes thereof." 28 U.S.C. § 1292(a)(2); *see Netsphere, Inc. v. Baron*, 799 F.3d 327 (5th Cir. 2015).

Barton also argues that this Court should dismiss this appeal as moot because, he claims, this Court's order in No. 22-11132 "vacate[d] prior orders authorizing the receiver to sell property."

That is incorrect. This Court did not vacate any order other than the receivership order. Indeed, it suspended the receiver's power to complete such transactions precisely because prior orders were not vacated—if such orders had been vacated, the suspension would have been superfluous.

Sincerely,

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

cc: Counsel of record (via ECF)