U.S. COURT OF APPEALS
RECEIVED
Sep 12, 2023
FIFTH CIRCUIT

NO. 23-10515

# United States Court of Appeals for the Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*versus*

TIMOTHY BARTON,

*Defendant-Appellant*,

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

## MOTION FOR PANEL RECONSIDERATION

Date of Decision: July 17, 2023
Panel: Smith, Southwick, and Wilson

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

# TABLE OF CONTENTS


TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES .................................................................. iii

INTRODUCTION .................................................................................. 1

STATEMENT OF THE ISSUES ........................................................... 4

STATEMENT OF THE COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE ............................................................... 4

ARGUMENT AND AUTHORITIES ...................................................... 9

I. This Panel's Decision Conflicts with Longstanding Precedent That Orders Authorizing a Receiver to Sell Property Are Immediately Appealable. ........................................................................ 10

II. The Panel Decision Also Conflicts with this Court's Precedent Holding That One Panel Cannot Overrule Another ...................... 14

III. After Reversing the Dismissal of the Appeal for Lack of Jurisdiction, the Court Should Summarily Vacate and Remand the District Court's Order Authorizing the Illegally-Appointed Receiver to Sell Property ............................................................ 16

CONCLUSION .................................................................................... 18

Certificate of Filing and Service ......................................................... 20

Certificate of Compliance ................................................................... 21

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Barnes v. Alabama*,
578 U.S. 994, 136 S. Ct. 2446, 195 L. Ed. 2d 259 (2016) .................. 17

*In re Bonvillian Marine Serv., Inc.*,
19 F.4th 787 (5th Cir. 2021) .......................................................... 16

*Broussard v. S. Pac. Transp. Co.*,
665 F.2d 1387 (5th Cir. 1982)...................................................... 2, 15

*Burge v. Parish of St. Tammany*,
187 F.3d 452 (5th Cir. 1999).................................................. 3, 10, 14

*Grabowski v. Jackson Cnty. Pub. Defs. Office*,
47 F.3d 1386 (5th Cir. 1995).......................................................... 15

*Johnson v. Moral*,
843 F.2d 846 (5th Cir. 1988).......................................................... 15

*Kenemore v. Roy*,
690 F.3d 639 (5th Cir. 2012).......................................................... 17

*Netsphere, Inc. v. Baron*,
703 F.3d 296 (5th Cir. 2012).......................................................... 11

*Netsphere, Inc. v. Baron*,
799 F.3d 327 (5th Cir. 2015).................................................... *passim*

*Sage v. Cent. R. Co. of Iowa*,
96 U.S. 712 (1877)......................................................................... 10

*SEC v. Barton*,
72 F.4th 640 (5th Cir. 2023) ............................................................ 3

*SEC v. Barton*,
No. 22-11132, 2023 WL 5618997 (5th Cir. Aug. 31, 2023) ........ *passim*

*SEC v. Barton*,
No. 22-11226, 2023 WL 4060191 (5th Cir. June 19, 2023)............. 1, 7

*SEC v. Barton*,
No. 22-11226, 2023 WL 5671292 (5th Cir. Sept. 1, 2023)............. 2, 14

*Securities and Exchange Comm'n v. Janvey*,
404 F. App'x 912 (5th Cir. 2010)................................................ *passim*

*Sheppard v. Louisiana*,
140 S. Ct. 2712, 206 L. Ed. 2d 850 (2020) .........................................17

*United States v. "A" Manufacturing Co., Inc.*,
541 F.2d 504 (5th Cir. 1976)..................................................... *passim*

*United States v. Castro-Alfonso*,
841 F.3d 292 (5th Cir. 2016)...........................................................15

*United States v. Dial*,
542 F.3d 1059 (5th Cir. 2008).........................................................15

*United States v. Setser*,
607 F.3d 128 (5th Cir. 2010).............................................. 3, 10, 14, 15

**Other Authorities**

Fifth Circuit Internal Operating Procedure 35 .......................................3

## INTRODUCTION

The Commission's motion to dismiss the appeal was based entirely on an unpublished opinion from a merits panel of this Court finding that a district court order authorizing a receiver in this matter to sell property is not immediately appealable. *SEC v. Barton*, No. 22-11226, 2023 WL 4060191, at *1 (5th Cir. June 19, 2023), *opinion withdrawn and superseded by* No. 22-11226, 2023 WL 5671292, at *1 (5th Cir. Sept. 1, 2023) (substituting on rehearing a revised opinion dismissing the appeal as moot). That unpublished decision directly conflicted with three decisions of this Court. *United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976); *Securities and Exchange Comm'n v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015) (hereinafter "*Netsphere II*"). *"A" Manufacturing*, *Janvey*, and *Netsphere II* each unequivocally holds that district court orders authorizing a receiver to sell property are immediately appealable.

The Court's decision to grant the motion to dismiss in this appeal deepens the same conflict. The Appellant petitioned for panel and *en banc* rehearing of the unpublished decision on which the Commission's decision rests, and those petitions remain pending. *SEC v. Barton*, 22-

11226, Petition for Panel Rehearing and Petition for Rehearing En Banc (5th Cir. Aug. 3, 2023) (ECF Nos. 77 & 85). The Court resolved that motion on September 1, 2023, withdrawing its opinion and holding that the Court lacked jurisdiction over orders authorizing a receiver to sell property and replacing it with an opinion recognizing that the reversal of the entire receivership displaces the sale order. *SEC v. Barton*, No. 22-11226, 2023 WL 5671292, at *1 (5th Cir. Sept. 1, 2023).

The panel in this appeal also should reconsider its decision, reverse its dismissal, and proceed to the merits, in order to avoid this clear conflict with the prior precedents of this Court.

Absent reversal, this panel's decision would improperly overrule precedential, published decisions of this Court without involving the *en banc* Court, in direct conflict with this Court's general rule that one panel cannot overrule the holding of another panel. *Broussard v. S. Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) (collecting cases); *Janvey*, 404 F. App'x at 914 (applying this rule to reject a Securities and Exchange Commission request for a panel to hold—contrary to prior precedent—that district court orders authorizing a Commission-requested receiver to sell property are not immediately appealable); *see*

*also United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

Simultaneously with the instant motion for reconsideration, the Appellant has filed a petition for rehearing *en banc*, which by Circuit rule is first referred to the panel. 5th Cir. I.O.P. 35. The Appellant respectfully submits that the Court should grant reconsideration to avoid the need for the *en banc* Court to step in to ensure the uniformity of this Court's decisions.

In this case, the District Court appointed a receiver over nearly all assets connected with the Appellant. Prior to this panel's dismissal, a separate panel of this Court held that the District Court's appointment of a receiver was in error and vacated it. *SEC v. Barton*, 72 F.4th 640, 645 (5th Cir. 2023), *opinion withdrawn and superseded by* No. 22-11132, 2023 WL 5618997, at *6 (5th Cir. Aug. 31, 2023) (substituting on rehearing a revised opinion also vacating the order appointing the receiver).

The instant appeal concerns a district court order that authorized the Receiver to permanently sell and release all rights to a hotel and

apartment complex called Amerigold Suites, owned by one of the Appellant's businesses, Goldmark Hospitality LLC.

This panel should reverse its dismissal for lack of jurisdiction and then summarily vacate the order authorizing the sale by an illegally appointed receiver.

## STATEMENT OF THE ISSUES

I. Whether the panel should reverse its decision dismissing the Appellant's appeal to avoid a direct conflict with this Court's prior precedent holding that orders authorizing a receiver to sell property are immediately appealable *see United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976); *Securities and Exchange Comm'n v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); and *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015)?

II. Whether the panel lacked authority to deviate from this Court's precedent on the above issue without first involving the *en banc* Court?

## STATEMENT OF THE COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE

This case began when the United States Securities and Exchange Commission filed a civil suit against the Appellant, accusing him of

securities fraud. Days later, the Commission asked the District Court to appoint a receiver over all entities directly or indirectly controlled by the Appellant. On October 18, 2022, the District Court granted the Commission's request. In the days following, the Receiver removed the Appellant from his company offices, seized all commercial assets controlled by him, and even threw him out of his only home.

Not content to safeguard property pending the outcome of the litigation, the Receiver immediately embarked on a selling spree. The ostensible purpose of this string of sales was to raise money for payment of his professional fees. He sought and obtained the District Court's approval to sell even the Appellant's house. He then turned his attention to the Appellant's commercial real estate properties, selling a hotel owned for years by the Appellant, a stake in promising real estate, and the Dallas hotel at issue here. The Appellant opposed all of these efforts and appealed the District Court orders approving them. *See SEC v. Barton*, 22-11132, 22-11226, 22-11242, 23-10515, and 23-10516 (5th Cir. 2023).

Then, on March 29, 2023, the District Court authorized the Receiver to sell the Appellant's Dallas hotel, Amerigold Suites. Mr.

Barton's appeal from that order is the subject of this appeal and motion for reconsideration. *SEC v. Barton*, No. 23-10515.

The Receiver and the District Court undertook all of these attempted, permanent alterations of the status quo while even the order appointing the Receiver was under attack in this Court. That appeal was briefed in January, argued in May, and decided on June 28, 2023. (On rehearing, the Court issued a slightly revised opinion on August 31, 2023, *see Barton*, 2023 WL 5618997, at *1). This Court held that the District Court erred in appointing the Receiver and vacated the order doing so. *Id.* at *6. This Court explained that the District Court did not hold the Commission to the high standards for appointing a receiver, including the requirements to establish "1) a clear necessity to protect the defrauded investors' interest in property, 2) legal and less drastic equitable remedies are inadequate, and 3) the benefits of receivership outweigh the burdens on the affected parties." *Id.* at *4. These high standards must be enforced—before the Government seizes a citizen's property through a receivership—because a "[r]eceivership is 'an extraordinary remedy that should be employed with the utmost caution.'" *Id.* at *3. The Court further held that the District Court erred

by placing virtually all of the Appellant's assets into receivership, without a specific inquiry into what property was the proceeds of alleged securities fraud in the underlying case. *Id.* at *5. The Court stayed the receivership's order to the extent it permitted any sales of property until the Court's full vacatur of that order takes effect, 90 days after issuance of the mandate. *Id.* at *6.

While the challenge to the Receiver's appointment was pending, the Commission argued that the appeals of orders authorizing the illegally appointed Receiver to sell property should be dismissed. On June 19, 2023, a merits panel of this Court dismissed the appeal of the District Court's order authorizing the permanent sale of Appellant's only home. *Barton*, 2023 WL 4060191, at *1. There, the Court held that an order authorizing a receiver to sell property "is not a final decision amenable to appellate review, and the collateral order doctrine is not applicable." *Id.*

Another merits panel of the Court, in a case involving the sale of the Appellant's realty interest in two other real estate projects, did not dismiss the appeal and set the case for oral argument on October 4, 2023. *SEC v. Barton*, No. 22-11242, Oral Argument Notice (5th Cir. July 26, 2023) (ECF No. 63).

On June 30, 2023, the Commission moved to dismiss two other appeals in sale orders in this matter, including the one at issue in this case. The Commission's motions relied solely on the unpublished June 19, 2023, panel opinion to argue that the court of appeals lacks jurisdiction over any appeals from district court orders authorizing receivers to sell property. *See*, *e.g.*, *Barton*, No. 23-10515, SEC's Motion to Dismiss (5th Cir. June 30, 2023) (ECF No. 37). On July 10, 2023, the Appellant filed oppositions to the Commission's Motion to Dismiss. *Barton*, No. 23-10515, Barton's Opposition to SEC's Motion to Dismiss (5th Cir. July 10, 2023) (ECF No. 41). On July 17, 2023, a motions panel dismissed the instant appeal and the appeal of the District Court order authorizing the sale of the Appellant's office building located at 2999 Turtle Creek Boulevard. *Barton*, No. 23-10516, Order Granting Motion to Dismiss Appeal (5th Cir. July 17, 2023) (ECF No. 36-1).

The Appellant timely filed petitions for panel and *en banc* rehearing of the June 19 unpublished opinion, regarding the sale of the Appellant's house, that started these deviations from the Court's precedents. *SEC v. Barton*, No. 22-11226, Petition for Panel Rehearing and Petition for Rehearing En Banc (5th Cir. Aug. 3, 2023) (ECF Nos. 77 & 85). On

September 1, 2023, in response to the petitions, the Court withdrew that unpublished opinion.

Simultaneously with this motion for panel reconsideration, the Appellant filed a petition for rehearing *en banc*. The Appellant did the same in the other appeal dismissed by the same motions panel.

## ARGUMENT AND AUTHORITIES

This Court's order granting the Commission's motion to dismiss, and the unpublished panel decision on which the Commission's motion relied, directly conflict with prior precedential opinions of this Court holding that orders authorizing a receiver to sell property are immediately appealable. *"A" Manufacturing*, 541 F.2d at 506; *Janvey*, 404 F. App'x at 914; *Netsphere II*, 799 F.3d at 333-34. Because there was no intervening contrary decision by the Supreme Court or this Court sitting *en banc*, the panel lacked authority to hold that there was no jurisdiction over an immediate appeal of an order authorizing a receiver to sell property. *Janvey*, 404 F. App'x at 914 (rejecting a Commission request to a panel of this Court to overrule *"A" Manufacturing* and to hold that orders authorizing SEC-requested receivers to sell property are not

immediately appealable, explaining that only the *en banc* Court could do so); *see also Setser*, 607 F.3d at 131; *Burge*, 187 F.3d at 466.

The panel should: (i) grant the motion for panel reconsideration; (ii) recognize its lack of authority to dismiss an appeal of an order authorizing a receiver to sell property for lack of jurisdiction without involving the *en banc* Court and deny the Commission's motion to dismiss; and (iii) proceed to the merits of the appeal. When the Court proceeds to the merits, it should summarily reverse the District Court's order authorizing the Receiver to sell the Amerigold Suites property because of this Court's prior ruling that the Receiver was invalidly appointed. *Barton*, 2023 WL 5618997, at *4.

## I. This Panel's Decision Conflicts with Longstanding Precedent That Orders Authorizing a Receiver to Sell Property Are Immediately Appealable.

Nearly 150 years ago, the Supreme Court of the United States set forth a general rule that "a decree confirming a sale . . . may be appealed from" without awaiting a final judgment in the entire underlying case. *Sage v. Cent. R. Co. of Iowa,* 96 U.S. 712, 714 (1877). In 1976, this Court held that an order authorizing a receiver, specifically, to sell real property is immediately appealable. *"A" Manufacturing*, 541 F.2d at 506. And the

Court has reaffirmed that holding twice, in 2010 and again in 2015. *Janvey*, 404 F. App'x at 914 (holding that an order authorizing a receiver to sell property is immediately appealable); *Netsphere II*, 799 F.3d at 333-34.

The Court's latest precedential decision on this topic carefully preserved and reaffirmed this Court's long-standing rule that orders authorizing a receiver to sell property are immediately appealable. *Netsphere II,* 799 F.3d at 333-34.[1] The Court explained that the special appellate rules for other receivership orders do not alter that principle. *Id.* In doing so, the Court in *Netsphere II* clarified that *"A" Manufacturing*'s holding did not arise from Section 1292(a)(2) of Title 28, the provision of the United States Code directed specifically at the

---

[1] There are two key historical panel decisions under the title of *Netsphere, Inc. v. Baron.* The first decision, *Netsphere I*, concerned an appeal to an order appointing a receiver, and set forth the standards a party seeking a receivership must meet to obtain one. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 301, 305-06 (5th Cir. 2012). A separate panel of this Court relied on the *Netsphere I* decision to overturn the order appointing the receiver in this matter. *Barton*, 2023 WL 5618997, at *3-4. The second decision, *Netsphere II*, involved an appeal to an order approving the fees charged by the receiver. *Netsphere II*, 799 F.3d at 330. In that decision, the Court considered the array of interlocutory orders regarding a receiver's activities that are immediately appealable, holding that the fee order was not one of them. *Id.* at 331-32.

appealability of certain orders related to a receivership. *Id.* To quote the Court:

> *"A" Manufacturing*'s holding—that orders confirming a sale are immediately appealable—was based on its interpretation of three cases that, pursuant to an entirely different jurisprudential line [than those interpreting 28 U.S.C. § 1292(a)(2), regarding appeals from certain orders regarding receivers], had held that orders confirming sales were immediately appealable.

*Netsphere II*, 799 F.3d at 333. That separate line of cases, "spanning a century, clearly establish[es] the rule that an interlocutory order commanding a sale, and one confirming a sale are appealable." *Id.* at 333 n. 35 (quoting *"A" Manufacturing*, 541 F.2d at 506).

Indeed, the cases the Court relied upon in *"A" Manufacturing* stem from an interpretation of Section 1291 of Title 28 and other doctrines of appellate jurisdiction that regard orders confirming sales as "final decisions" that are immediately appealable. *See "A" Manufacturing*, 541 F.2d at 506. And the principle applies both inside and outside the receivership context. *See Netsphere II*, 799 F.3d at 333.

In other words, orders confirming sales of real property having nothing to do with a receiver also would be immediately appealable. Nothing about the additional statutory authority to seek immediate

appeal of certain orders regarding a receivership changes that general principle when a receiver is involved. By clarifying that the rule that receiver sale orders are appealable is grounded *outside* the special statutory provision for appealing orders relating to a receivership, the Court was able to classify as *dicta* the *"A" Manufacturing* panel's reference to Section 1292(a)(2) as one of the bases for that decision. *Id.* at 334. And it was able to adopt a narrower interpretation of Section 1292(a)(2) in denying an immediate appellate right for receiver-related orders other than sale orders. *Id.* at 333.

The panel should reconsider its dismissal of the appeal to ensure it is not adding to the above-explained conflict with this Court's prior precedents. The unpublished opinion regarding another sale order in this matter, on which the Court presumably relied in this appeal, simply cannot be squared with the above, published precedents. The unpublished opinion held that the special rules for immediate appeals of receiver-related orders foreclose the immediate appealability of orders authorizing receivers to sell property. This Court in *Netsphere II* expressly rejected that reasoning and the panel opinion in this case is at inescapable odds with two prior published opinions in this Circuit.

Importantly, the Court has since withdrawn the unpublished opinion on which the Commission's motion to dismiss was based. *Barton*, 2023 WL 5671292, at *1.

## II. The Panel Decision Also Conflicts with this Court's Precedent Holding That One Panel Cannot Overrule Another.

If not corrected, the motions panel's decision would overrule prior, precedential panel decisions of this Court. This Court has repeatedly held, however, that a panel may not rule contrary to a prior panel decision of this Court absent an intervening decision by the Supreme Court or by this Court sitting *en banc*. *Setser*, 607 F.3d at 131; *Burge*, 187 F.3d at 466.

When a panel of this Court confronted a prior Commission request to overturn *"A" Manufacturing* and hold that orders authorizing sales of property by receivers are not immediately appealable, that panel correctly held that it lacked the authority to do so and that such a request may only be made to the *en banc* Court. *Janvey*, 404 F. App'x at 914. As the Court explained: "It is well-established that a panel does not have the authority to overrule a previous panel's decision absent an intervening,

contrary, or superseding decision by this court, sitting en banc, or by the Supreme Court." *Id.* (*citing Setser*, 607 F.3d at 131).

This principle has been repeated in numerous published, precedential decisions of this Court. *See, e.g.*, *United States v. Castro-Alfonso*, 841 F.3d 292, 297 (5th Cir. 2016) ("The Fifth Circuit rule of orderliness dictates that 'absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court,' a panel cannot overrule another panel's decision."); *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008) ("[O]ur rule of orderliness directs that 'one panel of this court cannot overrule the decision of another panel.'"); *Grabowski v. Jackson Cnty. Pub. Defs. Office*, 47 F.3d 1386, 1397 (5th Cir. 1995), *on reh'g en banc*, 79 F.3d 478 (5th Cir. 1996) ("As this court has repeatedly held, one panel cannot overrule another panel, even if one disagrees with the decision."); *Johnson v. Moral*, 843 F.2d 846, 848 (5th Cir. 1988), *on reh'g sub nom.*, 876 F.2d 477 (5th Cir. 1989) ("No rule is more firmly settled in our Circuit than that 'no panel . . . can overrule a decision previously made by another.'"); *Broussard*, 665 F.2d at 1389 ("The general rule in this Circuit is that one panel cannot overrule another panel.").

Importantly, this "rule is strict and rigidly applied." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). This panel's dismissal, stemming from a prior unpublished merits panel decision making the same error, effectively supplants the exclusive role of the *en banc* court to overturn a prior Circuit decision. The panel should reverse its dismissal to honor the *en banc* Court's exclusive authority to overrule panel precedent.

## III. After Reversing the Dismissal of the Appeal for Lack of Jurisdiction, the Court Should Summarily Vacate and Remand the District Court's Order Authorizing the Illegally-Appointed Receiver to Sell Property.

This Court disposed of the instant appeal in a short, summary opinion, without reasoning. Reversing course does not require that this Court commence extensive proceedings on the merits. Now that another panel of this Court has reversed the District Court's order appointing a receiver, this panel (once it has reversed the dismissal of this appeal) should summarily reverse the District Court's order authorizing the sale of the Amerigold Suites property. *Barton*, 2023 WL 5618997, at *6.

While it is possible the Commission may seek the appointment of another receiver over a yet unknown scope of assets on remand to the

District Court, that possibility does not salvage the efforts of the invalidly appointed receiver to seize and to sell the Appellant's valuable commercial property. The Supreme Court and this Court have a long tradition of summarily vacating and remanding lower court orders when an intervening, binding decision has so thoroughly changed the landscape of the case. *See, e.g., Sheppard v. Louisiana*, 140 S. Ct. 2712, 206 L. Ed. 2d 850 (2020) (Supreme Court granting, vacating, and remanding case to circuit court in light of intervening case law); *Barnes v. Alabama*, 578 U.S. 994, 136 S. Ct. 2446, 195 L. Ed. 2d 259 (2016) (same); *see also Kenemore v. Roy*, 690 F.3d 639, 640, n. 1 (5th Cir. 2012) ("A 'GVR' ('grant, vacate, remand') occurs when the Supreme Court summarily grants a petition for writ of certiorari and simultaneously vacates the judgment of the lower court and remands for further proceedings for some specified reason."). That is precisely the circumstance here: The Receiver's appointment has now been found illegal and that, of course, infects with error orders authorizing that Receiver to sell property. At a minimum, this is the type of development the District Court should have the opportunity to review first, after summary vacatur and remand.

In the alternative, the panel should reverse the dismissal of the appeal with instructions for the Clerk to set a schedule for merits briefing and oral argument.

## CONCLUSION

If not reversed, the instant panel decision conflicts with long-standing Fifth Circuit precedent establishing that district court orders authorizing receivers to sell property are immediately appealable to this Court. *"A" Manufacturing*, 541 F.2d at 506; *see Janvey*, 404 F. App'x at 914; *Netsphere II*, 799 F.3d at 333-34. The panel should grant reconsideration, hold that there is subject matter jurisdiction over the instant appeal, and avoid the conflict with Circuit precedent. The panel should then either (i) summarily reverse the decision below in light of this Court's intervening ruling that the Receiver was invalidly appointed, Ex. A at p. 13; or (ii) direct the Court to set a schedule for merits briefing and oral argument, following the course in *SEC v. Barton*, 22-11242, regarding another sale order.

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

*/s/ Michael J. Edney*
Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

ATTORNEY FOR APPELLANT
TIMOTHY LYNCH BARTON

Date: September 12, 2023

## Certificate of Filing and Service

I hereby certify that on September 12, 2023, this document was filed and served in PDF format using the United States Court of Appeals for the Fifth Circuit's CM/ECF system upon all counsel of record, as follows:

Ezekiel L. Hill
hillez@sec.gov
Securities and Exchange Commission
100 F St., N.E.
Washington, DC 20549

Keefe M. Bernstein
bernsteink@sec.gov
James E. Etri
etrij@sec.gov
David B. Reece
reeced@sec.gov
Securities and Exchange Commission
801 Cherry St., Suite 1900
Fort Worth, TX 76102

*Counsel for the Securities and Exchange Commission*

In addition, I further certify that this electronic filing is an exact copy of the paper document and any privacy redactions have been made. This filing has been scanned for viruses and has been found to be free of viruses.

/s/ *Michael J. Edney*

## **Certificate of Compliance**

I hereby certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 3,640 words, as calculated using the word processor used to prepare this document, Microsoft Word for Microsoft 365. I also certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Michael J. Edney*