**No. 23-10515**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

TIMOTHY BARTON,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-cv-02118-X

---

# APPELLEE SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO APPELLANT'S MOTION FOR PANEL RECONSIDERATION

---

DOMINICK V. FREDA
*Assistant General Counsel*

EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

**Certificate of Interested Persons**

*Securities and Exchange Commission v. Timothy Barton*, No. 23-10515

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. 126 Villita LLC, receivership entity
2. 126 Villita Towers, LLC (Delaware), receivership entity
3. 2999 Acquisitions, LLC (Delaware), receivership entity
4. 2999 Middlebury, LLC (Delaware), receivership entity
5. 2999 Roxbury, LLC (Delaware), receivership entity
6. 2999TC Acquisitions MZ, LLC, receivership entity
7. 2999TC Acquisitions, LLC, receivership entity
8. 2999TC Founders, LLC (Delaware), receivership entity
9. 2999TC JMJ CMGR, LLC (Delaware), receivership entity
10. 2999TC JMJ Equity, LLC, receivership entity
11. 2999TC JMJ MGR, LLC (Delaware), receivership entity
12. 2999TC JMJ, LLC (Delaware), receivership entity
13. 2999TC JMJ, LLC (Texas), receivership entity
14. 2999TC LP, LLC (Delaware), receivership entity

15. 2999TC MM, LLC, receivership entity

16. 2999TC MZ, LLC (Delaware), receivership entity

17. 3820 Illinois, LLC, interested party

18. Aledo TX, LLC, receivership entity

19. Adam and Reese LLP, counsel for respondent Bank of America, N.A.

20. AVEG WW, LLC (Delaware), receivership entity

21. AVG West, LLC, receivership entity

22. Bank of America, N.A., respondent

23. Barbero, Megan, counsel for plaintiff-appellee Securities and Exchange Commission

24. Barton Texas Water District, LLC, receivership entity

25. Barton Water District, LLC (Delaware), receivership entity

26. Barton, Maximilien, interested party

27. Barton, Timothy, defendant-appellant

28. Baum, Nathan B., counsel for interested party Maximilien Barton and receivership entities Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, Titan Investments LLC, TC Hall, L.L.C., and Titan 2022 Investment, L.L.C.

29. BC Acquisitions, LLC (Delaware), receivership entity

30. BEE2019, LLC, receivership entity

31. Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission

32. BM318 LLC, receivership entity

33. Broadview Holdings, LLC (Texas), receivership entity

34. Broadview Holdings Trust, receivership entity

35. Brown Fox PLLC, counsel for receiver Cortney C. Thomas

36. BSJ Trading, LLC, receivership entity

37. BUILD VIOLET, LLC, receivership entity

38. Carnegie Development, Inc., receivership entity

39. Carnegie Development, LLC, defendant and receivership entity

40. Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia

41. Chandler Law PC, counsel for interested party Dhiraj Ramolia

42. Chandler, Corinna P., counsel for interested party Dhiraj Ramolia

43. Conley, Michael A., counsel for plaintiff-appellee Securities and Exchange Commission

44. Cooke, Chris, counsel for interested party Maximilien Barton and receivership entities Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, Titan Investments LLC, TC Hall, L.L.C., and Titan 2022 Investment, L.L.C.

45. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

46. D4AT, LLC, receivership entity

47. D4AVEG, LLC, receivership entity

48. D4BM, LLC, receivership entity

49. D4BR, LLC (Texas), receivership entity

50. D4DS LLC, receivership entity

51. D4FR LLC, receivership entity

52. D4IN, LLC (Texas), receivership entity

53. D4KL LLC, receivership entity

54. D4MC, LLC (Texas), receivership entity

55. D4OP, LLC, receivership entity

56. D4OPM, LLC (Texas), receivership entity

57. D4SMC, LLC, receivership entity

58. D4WP, LLC, receivership entity

59. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC

60. Dallas Real Estate Investors, LLC, receivership entity

61. Dallas Real Estate Lenders, LLC (Delaware), receivership entity

62. Dallas Real Estate Management, LLC, receivership entity

63. Dingman, Michael C., counsel for defendant-appellant Timothy Barton

64. DJD Land Partners, LLC, relief defendant and receivership entity

65. Edney, Michael J., counsel for defendant-appellant Timothy Barton

66. Enoch Investments LLC, receivership entity

67. Etri, James E., counsel for plaintiff-appellee Securities and Exchange Commission

68. FHC Acquisition LLC, receivership entity

69. Five Star GM, LLC (Delaware), receivership entity

70. Five Star MM, LLC (Delaware), receivership entity

71. FIVE STAR MM, LLC (Texas), receivership entity

72. Five Star TC, LLC (Delaware), receivership entity

73. Freda, Dominick V., counsel for plaintiff-appellee Securities and Exchange Commission

74. Fu, Haoqiang, defendant

75. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

76. Gillespie Villas LLC, receivership entity

77. Glenwood (18340) Property, LLC (Delaware), receivership entity

78. Goldmark Hospitality LLC, receivership entity

79. Hale, Hon. Harlin, mediator

80. Heiskell, Michael P., counsel for defendant Stephen T. Wall

81. Hicks, Jr., George W., counsel for counsel for interested party HNGH Turtle Creek, LLC

82. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission

83. HNGH Turtle Creek, LLC, interested party

84. Holland & Knight LLP, counsel for defendant-appellant Timothy Barton

85. HR Sterling, LLC, receivership entity

86. Huffman, Edwin A., counsel for defendant-appellant Timothy Barton

87. Hunter, Renee M., counsel for intervenor United States of America

88. Hunton Andrews Kurth LLP, counsel for defendant-appellant Timothy Barton

89. Illuminate Dallas, LLC (Texas), receivership entity

90. JB Special Asset, LLC, receivership entity

91. JMJ Acquisitions LLC, receivership entity

92. JMJ Acquisitions Mgmt, LLC, receivership entity

93. JMJ Aviation, LLC (Texas), receivership entity

94. JMJ BLUES TX, LLC, receivership entity

95. JMJ Centre, LLC, receivership entity

96. JMJ Development Brasil, LTDA, receivership entity

97. JMJ Development Fund, receivership entity

98. JMJ Development Fund, Inc., receivership entity

99. JMJ Development LLC, receivership entity

100. JMJ Development, Inc., receivership entity

101. JMJ EB5 Fund GP, LLC (Delaware), receivership entity

102. JMJ EB5 Fund, LP (Delaware), receivership entity

103. JMJ Holdings US LLC, receivership entity

104. JMJ Holdings USA, Inc., receivership entity

105. JMJ Holdings, LLC, receivership entity

106. JMJ Home Building Inc. (Nevada), receivership entity

107. JMJ Hospitality General Trading FZE, receivership entity

108. JMJ Hospitality UAE, receivership entity

109. JMJ Hospitality, LLC, receivership entity

110. JMJ Investments Limited, receivership entity

111. JMJ Land Acquisition, Inc (Nevada), receivership entity

112. JMJ Land Development, Inc (Nevada), receivership entity

113. JMJ Land Venture, LLC, receivership entity

114. JMJ Mezzanine, Inc (Nevada), receivership entity

115. JMJ MF Development, LLC, receivership entity

116. JMJ Multifamily, Inc (Nevada), receivership entity

117. JMJ Offshore, LTD, receivership entity

118. JMJ Regional Center, LLC (Delaware), receivership entity

119. JMJ Residential, LLC, receivership entity

120. JMJ Valley Center, LLC, receivership entity

121. JMJ VC Management, LLC, receivership entity

122. JMJ148, LLC (Texas), receivership entity

123. JMJAV LLC, receivership entity

124. JMJAV, LLC, receivership entity

125. JMJD4, LLC (Delaware), receivership entity

126. JMJD4Allensville LLC, receivership entity

127. JMJDWG, LLC (Texas), receivership entity

128. JMJKH, LLC, receivership entity

129. JMR100 LLC, receivership entity

130. Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall

131. Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC

132. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC

133. Kearns, David T., counsel for interested party Maximilien Barton and receivership entities Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, Titan Investments LLC, TC Hall, L.L.C., and Titan 2022 Investment, L.L.C.

134. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek, LLC

135. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC

136. Koonce, Charlene C., counsel for receiver Cortney C. Thomas

137. Lajolla Construction Management LLC, receivership entity

138. LC Aledo TX, LLC, receivership entity

139. LDG001, LLC, relief defendant and receivership entity

140. Lesser, Joshua A., counsel for respondent Bank of America, N.A.

141. Light, Barbara, counsel for interested party Maximilien Barton and receivership entities Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, Titan Investments LLC, TC Hall, L.L.C., and Titan 2022 Investment, L.L.C.

142. Lynco Ventures, LLC, receivership entity

143. Lynn Investments, LLC, receivership entity

144. Mansion Apartment Homes at Marine Creek, LLC, receivership entity

145. Mansions Apartment Homes at Marine Creek LLC, receivership entity

146. Marine Creek SP, LLC, receivership entity

147. MCFW, LLC, receivership entity

148. MCRS2019, LLC (Texas), receivership entity

149. MFO Venus Development, LLC, interested party

150. Middlebury Trust (Texas), receivership entity

151. MMCYN, LLC, receivership entity

152. MO 2999TC, LLC, receivership entity

153. Moeller, Evan A., counsel for respondent Bank of America, N.A.

154. Moss & Associates, LLC, interested party

155. MXBA LLC, receivership entity

156. MXBA Managed, LLC, receivership entity

157. MXBA Services, LLC, receivership entity

158. Myra Park 635, LLC, receivership entity

159. Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC

160. Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.

161. Northstar 114, LLC (Delaware), receivership entity

162. Northstar PM, LLC (Delaware), receivership entity

163. Norton Rose Fulbright US LLP, counsel for interested party Maximilien Barton and receivership entities Gillespie Villas LLC, Venus59 LLC, TRTX

Properties LLC, MXBA LLC, Titan Investments LLC, TC Hall, L.L.C., and Titan 2022 Investment, L.L.C.

164. O'Connell, Sean B., counsel for defendant-appellant Timothy Barton

165. One Agent, LLC (Delaware), receivership entity

166. One Agent Texas, LLC (Texas), receivership entity

167. ONE FHC, LLC (Texas), receivership entity

168. One MFD4, LLC, receivership entity

169. One Pass Investments, LLC (Delaware), receivership entity

170. One RL Trust, receivership entity

171. ONE SF Residential, LLC, receivership entity

172. Orchard Farms Village LLC, receivership entity

173. Palisades-TC, LLC, interested party

174. Patton, Jonathan R., counsel for interested party Palisades-TC, LLC

175. Peckar & Abramson, counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

176. Porter, Javan, counsel for defendant-appellant Timothy Barton

177. Ramer, Samuel, counsel for interested party Maximilien Barton and receivership entities Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, Titan Investments LLC, TC Hall, L.L.C., and Titan 2022 Investment, L.L.C.

178. Ramolia, Dhiraj, interested party

179. Reece, David B., counsel for plaintiff-appellee Securities and Exchange Commission

180. Residential MF Assets, LLC (Delaware), receivership entity

181. Ridgeview Addition, LLC (Texas), receivership entity

182. Riverwalk Invesco, LLC (Delaware), receivership entity

183. Riverwalk Opportunity Management, LLC (Delaware), receivership entity

184. Riverwalk OZFM, LLC (Delaware), receivership entity

185. Riverwalk OZFV, LLV (Delaware), receivership entity

186. Riverwalk QOZBJ, LLC (Delaware), receivership entity

187. Riverwalk QOZBM, LLC (Delaware), receivership entity

188. Riverwalk QOZBV, LLC (Delaware), receivership entity

189. Roper, Richard B., counsel for defendant-appellant Timothy Barton

190. Seagoville Farms, LLC, receivership entity

191. Securities and Exchange Commission, plaintiff-appellee

192. SF Rock Creek, LLC, receivership entity

193. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.

194. Shamoun, C. Gregory, counsel for interested party Southern Properties Capital, Ltd.

195. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia

196. SK Carnegie, LLC, receivership entity

197. Southern Properties Capital, Ltd., interested party

198. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC

199. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC

200. Starr, Hon. Brantley, U.S. District Court Judge (N.D. Tex.)

201. STL Park, LLC (Delaware), receivership entity

202. Tamamoi, LLC, interested party

203. TC Hall, LLC, receivership entity

204. The MXBA Trust, receivership entity

205. The Timothy L. Barton Irrevocable Life Insurance Trust, receivership entity

206. Thomas, Cortney C., receiver

207. Tillotson, Jeffrey M., counsel for interested party Palisades-TC, LLC

208. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC

209. Titan 2022 Investment, LLC, receivership entity

210. Titan Investments LLC, receivership entity

211. TLB 2018 Trust, receivership entity

212. TLB 2019 Trust, receivership entity

213. TLB 2020 Trust, receivership entity

214. TRTX Properties LLC, receivership entity

215. TRWF LODGE, LLC, receivership entity

216. TRWF, LLC, receivership entity

217. United States of America, intervenor

218. Venus59 LLC, receivership entity

219. VenusBK195, LLC (Texas), receivership entity

220. VenusPark201, LLC (Delaware), receivership entity

221. Vertical Street Ventures, LLC, interested party

222. Villita Towers LLC, receivership entity

223. Wall, Stephen T., defendant

224. Wall007, LLC, defendant and receivership entity

225. Wall009, LLC, defendant and receivership entity

226. Wall010, LLC, defendant and receivership entity

227. Wall011, LLC, defendant and receivership entity

228. Wall012, LLC, defendant and receivership entity

229. Wall016, LLC, defendant and receivership entity

230. Wall017, LLC, defendant and receivership entity

231. Wall018, LLC, defendant and receivership entity

232. Wall019, LLC, defendant and receivership entity

233. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC

234. Winstead PC, counsel for interested party Vertical Street Ventures, LLC

235. WRL2019, LLC (Texas), receivership entity

The persons and entities described in the fourth sentence of Rule 28.2.1 having an interest in the outcome of this case also include (1) any additional

entities that defendant-appellant Timothy Barton directly or indirectly controls, (2) investors in defendants and receivership entities Wall007, LLC; Wall009, LLC; Wall010; Wall011, LLC; Wall012, LLC; Wall016; Wall017, LLC; Wall018, LLC; and/or Wall019, LLC, and (3) creditors of Barton-controlled entities.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill
*Attorney of Record for Appellee Securities and Exchange Commission*

## INTRODUCTION

Appellant Timothy Barton's motion, which seeks reconsideration of this Court's July 17, 2023 order dismissing this appeal for lack of jurisdiction (the "Order"), should be denied. As an initial matter, reconsideration is unwarranted because Barton simply repeats the unsuccessful argument that he made in opposing dismissal. But even if reconsideration were warranted, the Order, which is consistent with this Court's precedent, should not be vacated. Finally, even were this Court to vacate the Order, it should not summarily vacate the appealed-from district court order because, contrary to Barton's assertion otherwise, this Court's recent opinion in a related appeal does not require that result.

## BACKGROUND

### I. District Court

After the Commission brought this civil law enforcement action, alleging a scheme by Barton and others that defrauded more than 100 investors out of more than $26 million, the district court appointed a receiver over Barton-controlled entities because it was "necessary and appropriate for the purposes of marshaling and preserving all assets of the [r]eceivership [e]ntities." ROA.619.

Among the Barton-controlled entities is Goldmark Hospitality, LLC, which owns Amerigold Suites, an extended-stay hotel in Dallas, Texas. ROA.4287. Following his appointment, the receiver discovered that Amerigold Suites was "in

a perilous state" and losing money even with debt payments paused by the receivership order. ROA.4287-88. The Receiver therefore asked the district court to approve the sale of Amerigold Suites "to avoid using limited receivership assets to continue operating [it] at a loss." ROA.4288. On March 29, 2023, the district court issued an order approving the sale ("Amerigold Order"), concluding that the sale satisfied all statutory requirements and was "in the best interest of the [r]eceivership." ROA.5657. The sale has not yet closed. *See* Doc. No. 299 at 25-28.

## II. Court of Appeals

In this appeal, Barton appealed from the Amerigold Order. The Commission moved to dismiss the appeal for lack of jurisdiction, arguing that the Amerigold Order was neither a final decision nor otherwise immediately appealable. App. Doc. 37. Barton opposed the motion, arguing that the Amerigold Order was immediately appealable pursuant to, *inter alia*, *United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976), *SEC v. Janvey*, 404 F. App'x 912 (5th Cir. 2010), and *Netsphere, Inc. v. Baron*, 799 F.3d 327 (5th Cir. 2015). App Doc. 41 ("Opp."). Prior to the Commission filing a reply, this Court issued the Order, which without reasoning granted the Commission's motion and dismissed the appeal.

In a separate appeal (No. 22-11132), Barton appealed from the receivership order. In that appeal, this Court vacated the receivership order, effective 90 days after the issuance of the mandate. *SEC v. Barton*, No. 22-11132, 2023 WL 5618997, at *6 (5th Cir. Aug. 31, 2023).[1] This Court also "suspended" "the receiver's power to sell or dispose of property belonging to receivership entities, including the power to complete sales or disposals of property already approved by the district court," effective immediately. *Id.* But this Court did not vacate or otherwise disturb other district court orders, including the Amerigold Order. *See, e.g.*, *id.* ("This suspension does not apply to activities in furtherance of sales or dispositions of property that have already occurred or been approved by the district court. 'Activities in furtherance' do not include the completion of the sale of any property.").

## ARGUMENT

### I. Reconsideration is unwarranted.

Barton claims that this Court should reconsider the Order because it "directly conflict[s] with prior precedential opinions of this Court." Mot. 9, 13. But the authority Barton cites—*"A" Manufacturing*, *Janvey*, and *Netsphere*—is

[1] The August 31, 2023 opinion replaced a June 28, 2023 opinion. *See SEC v. Barton*, 72 F.4th 640 (5th Cir. 2023).

the same authority that he relied on in unsuccessfully opposing the Commission's motion to dismiss for lack of jurisdiction. *Compare* Mot. 10-14 *with* Opp. 6-10. The mere reiteration of a rejected argument does not warrant reconsideration. *See, e.g.*, *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) ("A motion for reconsideration may not be used to rehash rejected arguments[.]").

Moreover, to the extent that the motion suggests (Mot. 13-14) that reconsideration is warranted because this Court withdrew an opinion issued in a related appeal, that argument also fails. In No. 22-11226, Barton appealed from a district court order authorizing the receiver's sale of receivership property. On June 19, 2023, this Court issued an opinion dismissing the appeal for lack of jurisdiction. *SEC v. Barton*, No. 22-11226, 2023 WL 4060191 (5th Cir. June 19, 2023). On September 1, 2023, this Court withdrew the June 19, 2023 opinion and issued a substitute opinion dismissing the appeal as moot. *SEC v. Barton*, No. 22-11226, 2023 WL 5671292 (5th Cir. Sept. 1, 2023).[2] But the September 1, 2023 opinion did not address jurisdiction, much less undermine the Order's conclusion that this Court lacks jurisdiction to hear an interlocutory appeal of a district court

---

[2] The September 1, 2023 opinion explained that the appeal was moot because the August 31, 2023 opinion issued in the appeal from the receivership order (No. 22-11132) had suspended the receiver's power to sell the property at issue in No. 22-11226.

order approving the receiver's sale or disposition of receivership property. Neither the withdrawal of the June 19, 2023 opinion nor the issuance of the September 1, 2023 opinion warrants reconsideration here.

**II. The Order is consistent with this Court's precedent.**

Even were reconsideration warranted, Barton fails to show that the Order should be vacated. Barton argues (Mot. 10-14) that the Order conflicts with this Court's precedent but a review of that precedent demonstrates otherwise.

Barton principally relies on *"A" Manufacturing*, a much-maligned decision that both this Court and the Eleventh Circuit have declined to follow. *See Netsphere*, 799 F.3d at 334; *Acheron Cap. Ltd. v. Mukamal*, 22 F.4th 979, 993-94 (11th Cir. 2022). *"A" Manufacturing* held that interlocutory appellate jurisdiction existed under 28 U.S.C. § 1292(a)(2) for an appeal from an order confirming a receiver's sale of property. 541 F.2d at 505-06. But as this Court recognized in *Netsphere*, that holding conflicted with this Court's precedent and is not binding precedent. 799 F.3d at 333-34. And, in any event, Barton has disclaimed jurisdiction under section 1292(a)(2). *See* Mot. 12; *see also* Opp. 7-8.[3]

[3] For that reason, Barton's reliance on this Court's unpublished opinion in *Janvey*, which addressed jurisdiction under section 1292(a)(2), in unavailing. 404 F. App'x at 914. Moreover, *Janvey* did not address whether *"A" Manufacturing*'s discussion of section 1292(a)(2) conflicted with prior decisions of this Court. *See id.*

Furthermore, Barton's assertion (Mot. 12; *see also* Opp. 8) that *"A" Manufacturing* held that an order entered in the normal course of a receivership is a "final decision[]" under 28 U.S.C. § 1291 cannot be squared with *"A" Manufacturing*'s explicit reliance on section 1292(a)(2) or the meaning of "final decision" in section 1291 as interpreted by the Supreme Court. "A final decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 138 S. Ct. 1118, 1123–24 (2018) (cleaned up). Following the Amerigold Order, the "underlying . . . dispute that formed the original basis for this litigation remains undecided" and "even within the context of the receivership," the Amerigold Order does not "purport to enter a final judgment winding-up or terminating the receivership." *Netsphere,* 799 F.3d at 331.[4]

## III. The Amerigold Order should not be summarily vacated.

Barton argues (Mot. 16-18) that upon reconsideration, this Court should summarily vacate the Amerigold Order in light of this Court's August 31, 2023 opinion in Barton's appeal from the receivership order (No. 22-11132). But that

[4] Barton's reliance (Mot. 10; *see also* Opp. 6) on *Sage v. Central Railroad Company of Iowa*, 96 U.S. 712 (1877), is unavailing. As this Court has recognized, *Sage* established that a sale order issued in the context of a foreclosure proceeding is a final decision. *See Citibank, N. A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337-38 (5th Cir. 1981). The Amerigold Order was not issued in the context of a foreclosure proceeding.

opinion did not vacate any district court order other than the receivership order. *See supra* at 3. Indeed, it suspended the receiver's power to complete sales or dispositions of property precisely because prior orders authorizing sales and dispositions were not vacated—if such orders had been vacated, the suspension would be superfluous.[5] Thus even if this Court were to vacate the Order upon reconsideration, it should not summarily vacate the Amerigold Order.

## CONCLUSION

The motion should be denied.

Respectfully submitted,

DOMINICK V. FREDA
*Assistant General Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

September 22, 2023

[5] Similarly, this Court's September 1, 2023 opinion in No. 22-11226 dismissed that appeal as moot not because the underlying district court order had been vacated but because the receiver's power to complete the sale was suspended. *See supra* at 4.

**CERTIFICATE OF SERVICE AND FILING**

I certify that on September 22, 2023, I electronically filed the foregoing response with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system. Service on counsel of record will be accomplished through the Court's CM/ECF system.

I further certify that this electronic filing is an exact copy of the paper document, that any privacy redactions have been made, and that this electronic filing was scanned for, and found to be free of, viruses.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: September 22, 2023

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,451 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing response complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: September 22, 2023